J-S01029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NNAEMEKA ANI | : | No. 808 MDA 2020 |

Appeal from the Order Entered May 12, 2020
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0001582-2019

BEFORE: LAZARUS, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY McCAFFERY, J.: **FILED JANUARY 29, 2021**

The Commonwealth of Pennsylvania files this appeal from the May 12, 2020, order entered in the Centre County Court of Common Pleas.[1] The May 12th order granted Appellee Nnaemeka Ani's petition for writ of *habeas corpus* and dismissed burglary counts against him. The Commonwealth has also filed an application for relief, requesting that this Court quash the above-captioned appeal and remand for an evidentiary hearing based on newly discovered evidence. We deny the request for quashal; however, we vacate the May 12, 2020, order and remand for a new, evidentiary hearing.

Authorities charged Appellee with, *inter alia*, several counts of burglary stemming from incidents, testified to by a detective as follows:

---

[*] Former Justice specially assigned to the Superior Court.

[1] The Commonwealth certifies in its notice of appeal that the order terminates or substantially handicaps its prosecution, pursuant to Pa.R.A.P. 311.

> [Appellee] is charged in three separate burglaries; all three of the victims were female; . . . he saw similarities with other trespass and burglary cases in the area; and [Appellee] allegedly used his cell phone as a flashlight once inside the residences. Video evidence was presented to the Court showing a man, alleged to be [Appellee], walking through an apartment building's hallway while checking several doors to presumably find an unlocked door. The video showed the individual entering an apartment for approximately four to five minutes before leaving, and the video also showed the individual cover his face when leaving the hallway. None of the victims were touched or harmed during the incidents, no personal property was reported stolen or vandalized, and the victims were able to specifically identify [Appellee] as the perpetrator from a photographic lineup.

Trial Ct. Op., 5/3/20.

Appellee filed a petition for writ of *habeas corpus*. After the trial court heard argument on January 16, 2020, the court granted Appellee's petition as to the burglary charges. The court found that although it was undisputed Appellee entered the residences without permission, license, or privilege, the Commonwealth failed to prove a *prima facie* case of burglary because there was no evidence of Appellee's intent to commit a crime within the residences. The Commonwealth filed this timely appeal.

Following issuance of this Court's briefing schedule, the Commonwealth filed an application for relief, requesting quashal of its appeal and a remand for a new hearing due to newly discovered evidence. In this application, the Commonwealth averred it retained a digital-forensics company, which reported it found on Appellee's cell phone a photo and video, filmed through a window, of one of the victims partially nude. A search warrant executed thereafter of Appellee's backup data purportedly revealed a video of a couple

engaging in sexual acts, again filmed through a window at the same complex. Appellee did not file a response, and did not address the Commonwealth's newly discovered evidence claims in his appellate brief.

In reviewing a decision to grant a pre-trial motion for writ of *habeas corpus*, we examine the evidence, along with reasonable inferences derived therefrom, in the light most favorable to the Commonwealth. **See Commonwealth v. Starry**, 196 A.3d 649, 656 (Pa. Super. 2018). "At the preliminary hearing stage of a criminal prosecution, the Commonwealth need not prove the defendant's guilt beyond a reasonable doubt, but rather, must merely put forth sufficient evidence to establish a *prima facie* case of guilt." **Commonwealth v. Karetny**, 880 A.2d 505, 513-14 (Pa. 2005).

Initially, we address the Commonwealth's request to quash this appeal. Its request is based on its desire to introduce new evidence, which it avers will demonstrate Appellee's criminal intent. We note "the refiling of charges is a viable alternative to filing an appeal from the grant of a *habeas corpus* petition." **Commonwealth v. Carbo**, 822 A.2d 60, 69 (Pa. Super. 2003) (*en banc*), *abrograted on other grounds,* **Commonwealth v. Dantzler**, 135 A.3d 1109, 1112 n.5 (Pa. Super. 2016) (*en banc*). The Commonwealth is permitted to "refile these charges if it possesses additional evidence." **Id.** at 72. A court should deny refiling of the Commonwealth's charges only if: (1) the statute of limitations had expired on the date of refiling; (2) the court determines the Commonwealth intended to harass the defendant; or (3) refiling of the charges is prejudicial to the defendant. **Id.** at 73.

- 3 -

There is no allegation that any of the three limitations applies, nor do we find evidence of any such limitation. ***See Carbo***, 822 A.2d at 73. In the interest of judicial economy, rather than quash the instant appeal, as it lies from an appealable order, we vacate the trial court's May 12, 2020, order and remand for the trial court to conduct a new hearing based on the Commonwealth's previous and additional evidence. ***See id.*** at 69, 72. The trial court shall thereafter review the Commonwealth's evidence pursuant to ***Starry***, ***supra***.

Commonwealth's Application for relief DENIED IN PART and GRANTED IN PART. Order VACATED. Case remanded for a new hearing, with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/29/2021

- 4 -